## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAY L. CONDRAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO.  CIV-08-1016-HE |
| | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiffs Ray L. Condray, in his capacity as personal representative of the estate of
Sheila Ellis, deceased, and Scott R. Johnson, son of the deceased, sued Unum Life Insurance
Company of America ("Unum") and Community Health Partners, Inc., d/b/a Unity Health
Center ("UHC") in state court, asserting negligence and breach of contract claims.  The
defendants removed the action, asserting that the plaintiffs' claims are preempted by the
Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, as they
seek to recover benefits under an employee welfare benefit plan.  The plaintiffs have filed
a motion to remand, which the court concludes should be granted.

<u>Background</u>

The decedent, Sheila Ellis, worked for UHC until she resigned on January 5, 2007.
While employed, she had life and accidental death and dismemberment ("AD&D")
insurance benefits under a group policy issued by Unum to UHC.  Ms. Ellis completed an
application to continue coverage after her employment terminated.  Specifically, she

"submitted a Life Insurance Election of Portability Coverage form,"[1] petition, ¶6, plus the initial premium payment to Gayle Little, the benefit administrator of UHC.[2]  Unfortunately Ms. Little failed to forward the application and premium to Unum within the applicable time limitation.  Ms. Little returned the application and premium to the decedent by letter dated February 20, 2007, in which she stated that Unum had refused to accept the application, despite her request that it be accepted "even though it was late due to [her] fault."  Petition, ¶8.  Ms. Ellis was killed on September 4, 2007, and, when Unum denied plaintiff Condray's claim for policy benefits, the plaintiffs filed this action.

The plaintiffs have filed a motion to remand, challenging the court's jurisdiction to consider their claims.  The defendants, as the parties invoking the court's jurisdiction, bear the burden of establishing that removal is proper under ERISA.  *See* Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).  Jurisdiction is "ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995).

<u>Analysis</u>

There are two types of preemption under ERISA – "conflict preemption"under § 514 and "complete preemption" under § 502(a).  "[T]he two are distinct concepts, with only the

---

[1]The court does not have to determine the effect of any distinctions between portable and conversion insurance to resolve the plaintiffs' motion.

[2]While employed by UHC, Ms. Ellis had $30,000 in life insurance and $30,000 in AD&D insurance.  She applied for reduced coverage –  $20,000 in life insurance and $20,000 in AD&D insurance, designating her son, plaintiff Johnson, as the beneficiary.

latter supporting removal."[3]   Felix v. Lucent Technologies, Inc., 387 F.3d 1146, 1156 (10th

Cir. 2004).  Section 514 of ERISA preempts state laws that relate to, or in other words have

a connection with or reference to, an ERISA plan.[4]   Id. at 1153-54.   Section 502(a)

completely preempts claims that fall within the scope of its civil enforcement provision.[5]

id. at 1156.  The Supreme Court has "phrased the test [for complete preemption under

ERISA] as follows:

> [W]here the individual is entitled to such [claimed] coverage only because of
> the terms of an ERISA-regulated employee benefit plan, and where no legal
> duty (state or federal) independent of ERISA or the plan terms is violated, then
> the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if
> an individual, at some point in time, could have brought his claim under
> ERISA § 502(a)(1)(B), and where there is no other independent legal duty that
> is implicated by a defendant's actions, then the individual's cause of action is
> completely pre-empted by ERISA § 502(a)(1)(B).

Felix, 387 F.3d at 1155 (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004).  As

explained by the Tenth Circuit, "a state law claim is only 'completely preempted' ... if it can

be recharacterized as a claim under § 502(a)." The state cause of action is replaced with a

_____

[3]Section 514 preemption is "merely a federal defense that cannot provide the basis for
removal jurisdiction."  Felix, 387 F.3d at 1158.

[4]The complete preemption doctrine is an exception to the well-pleaded complaint rule.
Felix, 387 F.3d at 1154.  That rule "provides that federal jurisdiction exists only when a
federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.
The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusively
relying on state law. Id. Generally a federal defense, even one based on the preclusive effect
of a federal statute, is not sufficient to allow removal to federal court.  Id.

[5]"Section 502(a)(1) provides a cause of action to any plan beneficiary or participant
to recover benefits due under the terms of a pension plan, to enforce rights under the terms
of the plan, or to clarify rights to future benefits under the terms of the plan." Felix, 387 F.3d
at 1155 n.7.

federal one. *Id.* at 1156.

Before the court can determine whether the plaintiffs have standing to sue under §502(a)(1) and their claims are completely preempted, it must decide if the insurance policy or plan is governed by ERISA. That question is simple to resolve, as the plaintiffs do not seriously dispute that the group insurance policy was issued as part of an ERISA plan.[6] It also is readily apparent that the benefit plan was subject to ERISA. *See* Sipma v. Mass. Cas. Ins. Co., 256 F.3d 1006, 1009 (10th Cir. 2001) ((The Tenth Circuit "has adopted five criteria that must be established for an 'employee welfare benefits plan' to fall within ERISA's scope: '(1) a 'plan, fund, or program' (2) established or maintained (3) by an employer (4) for the purpose of providing health care or disability benefits (5) to participants or their beneficiaries.'") (quoting Gaylor v. John Hancock Mut. Life Ins. Co., 112 F.3d 460, 464 (10th Cir.1997)).

Whether the plaintiffs have standing to sue under ERISA is not as obvious. In the absence of standing, the plaintiffs' claims cannot "be recharacterized as arising under federal law subject to federal jurisdiction under the doctrine of complete preemption." Felix, 387 F.3d at 1158. Only plaintiffs who are "participants" or "'beneficiaries'" have standing to sue under ERISA § 502(a). *Id.* ERISA defines a "participant" as "any employee or former employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan ... or whose beneficiaries may be eligible to receive any such benefit."

---

[6]The plaintiffs do question whether the claimed ported life and AD&D insurance coverage is part of the ERISA plan or constitutes a separate, individual policy.

4

29 U.S.C. § 1002(7).  A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).  In <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 117 (1989), the Supreme Court clarified that to be a participant under the statute, a former employee with no reasonable expectation of returning to covered employment must have "a colorable claim" to vested benefits under the plan.  When the claimant is a beneficiary, rather than a participant, the question becomes whether the beneficiary can demonstrate a colorable claim to vested benefits. *See* <u>Miller v. Rite Aid Corp.</u>, 504 F.3d 1102, 1106-07 (9th Cir. 2007).[7]

Although "the requirements for a colorable claim are not stringent," <u>Horn v. Cendant Operations, Inc.</u>, 69 Fed.Appx. 421, at *4 (10th Cir. 2003) (internal quotation omitted), they are not met in this case.   It is clear from the petition that the plaintiffs are not entitled to benefits under the plan.  The plaintiffs allege that Ms. Ellis' application and premium were returned to her and that Unum did not issue the decedent "any policy, certificate or other documentation of the life and accidental death insurance for which she applied ...."  Petition, ¶ 9.  While they plead that a policy is "deemed to exist," the Tenth Circuit has held that "the coverage of an ERISA plan may not be enlarged by informal oral or written communications under a theory of federal common law estoppel."  <u>Alexander v. Anheuser-Busch Cos., Inc.</u>, 990 F.2d 536, 539 (10th Cir. 1993) (because oral and written assurances could not affect

---

[7]As analyzed by the Ninth Circuit, that depends whether the employee was a "participant" in the ERISA plan at the time of her death.  <u>Miller</u>, 504 F.3d at 1106.

coverage of ERISA plan, plaintiff did not have a "colorable' claim for benefits under ERISA and, therefore, lacked standing).[8]

This case presents the classic "but/for" claim, which the Tenth Circuit has rejected as a basis for standing.  Felix, 387 F.3d at 1159-61; Alexander, 990 F.2d at 539.  In substance the plaintiffs are asserting that "but for" the defendants' negligence, they would have been entitled to insurance benefits under the plan.  The Tenth Circuit noted in Felix, however, that it had previously "declined to create an exception to Firestone and rejected the availability of any "but for" test," "[b]ecause there is no controlling case law or statutory language to support such a "but for" exception to find ERISA standing where the plaintiff is not technically entitled to the ... benefit under the ... plan."  Felix, 387 F.3d at 1160.

After giving effect to the plan's explicit rejection of deeming UHC as agent of Unum, the plaintiffs simply have not pleaded a "colorable claim to vested benefits."  Because they are not entitled to life and AD&D insurance benefits under the terms of the ERISA plan, "their state law claims do not fall within the scope of ERISA § 502(a)(1), and [the court's] subject matter jurisdiction cannot be based upon the doctrine of complete preemption."  Id. at 1162.  Here, as in Felix, the court's decision, at least as against Unum, "leaves open the uncomfortable possibility that Plaintiffs may lack standing to sue under ERISA, but will then

---

[8]In light of the "rather unambiguous policy language," Adamson v. Unum Life Ins. Co. of America, 455 F.3d 1209, 1216 (10th Cir. 2006), a "colorable claim for vested benefits" cannot be based on the plaintiffs' allegations of an agency relationship between Unum and UHC. Id. at 1215-16. See Notice of Removal, Exhibit12, p. Employee-7 ("For purposes of the policy, your Employer acts on its own behalf or as your agent. Under no circumstances will your Employer be deemed the agent of Unum.").

be preempted in state court under § 514 from asserting a state claim, leaving them with no remedy." *Id.* However, the plaintiffs' claims against UHC for negligently discharging the duty it assumed to handle and process its employee's insurance application, arising independently of the ERISA plan, would presumably remain.[9]

As the plaintiffs' claims are not completely preempted under ERISA, the court lacks jurisdiction over them. Accordingly, the action was improperly removed and plaintiffs' motion to remand [Doc. #21] is GRANTED. This case is remanded to the District Court of Pottawatomie County.[10]

**IT IS SO ORDERED**.

Dated this 7th day of May, 2009.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[9]It would be a perverse result indeed if ERISA, a statute enacted to "promote the interests of employees and their beneficiaries in employee benefit plans," Shaw v. Delta Air Lines Inc., 463 U.S. 85, 90 (1983), was applied to preclude any relief to plaintiffs where Ms. Ellis undisputedly did exactly what her employer required in order to seek continued benefits.

[10]As the court did not rely on either the Spears affidavit or MacDonald affidavit in resolving the motion to remand, the plaintiffs' motions to strike portions of those exhibits [Doc. Nos. 19,41] are denied as being moot.

7